# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | |
|---|---|
| Eric D. Marsh, # 354716, ) | |
| ) | Civil Action No. 5:15-cv-04633-JMC |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Warden Stevenson, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Eric D. Marsh ("Petitioner") is a state prisoner who filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on November 16, 2015. Currently pending before the court are: (1) Warden Stevenson's ("Respondent") Motion to Separate the Petition (ECF No. 42), (2) Petitioner's Motion to Stay (ECF No. 25), and (3) Respondent's Motion to Amend/Correct the Return (ECF No. 43). Having carefully considered the parties' submissions and the record in this case, the court **GRANTS** Respondent's Motion to Separate the instant Petition (ECF No. 42), **GRANTS IN PART** and **DENIES IN PART** Petitioner's Motion to Stay his habeas Petition (ECF No. 25), and **GRANTS IN PART** and **DENIES IN PART** Respondent's Motion to Amend/Correct the Return (ECF No. 43).

## I. FACTUAL AND PROCEDURAL BACKGROUND

Petitioner is currently incarcerated in the Broad River Correctional Institution of the South Carolina Department of Corrections. (ECF No. 1 at 1.) In 2011, Petitioner was indicted at the May Term of the Richland County Grand Jury for Second-Degree Criminal Sexual Conduct ("CSC")

with a Minor (2011-GS-40-01996). (App. 122-23[1]; ECF No. 19-19 at 2.) Additionally, Petitioner was also charged with second-degree CSC with a minor in Lexington County in April of 2013 (2013-GS-32-00965) and an indictment was returned by the Lexington County Grand Jury. (ECF No. 19-19 at 1; ECF No. 19-20.)[2] On March 20, 2013, Petitioner waived venue and jurisdiction of the Lexington charge in order to plead guilty to both charges in Richland County, South Carolina. (ECF No. 19-20 at 3.) On March 20, 2013, Petitioner pleaded guilty pursuant to *North Carolina v. Alford*, 400 U.S. 25, 37 (1970), to the two counts of second-degree CSC with a minor before the Honorable G. Thomas Cooper. (App. 1-39.)

After Petitioner initiated this action on November 16, 2015, Respondent filed his Return and Motion for Summary Judgment on April 13, 2016. (*See* ECF Nos. 19, 20.) Rather than filing a substantive Response to the Motion for Summary Judgment, Petitioner filed a Motion to Stay the action. (*See* ECF Nos. 24, 25.) In the Motion, Petitioner asserts that this court should stay his federal action because his case presents a "mixed" petition, as part of his habeas Petition was exhausted, and part of his habeas Petition was unexhausted. (*See id.*) In another "Response to Motion for Summary Judgment," Petitioner represented he should be granted a stay because he had a pending appeal with the South Carolina Court of Appeals in Case Number 2013-002816. (*See* ECF No. 38.)

---

[1] Citations to "App." refer to the Appendix for Petitioner's guilty plea transcript and Post-Conviction Relief ("PCR") Proceedings. That appendix is available at ECF No. 19-1 in this habeas matter.

[2] At the time of Petitioner's Richland County plea hearing on March 20, 2013, the Lexington County Grand Jury had not yet returned its indictment.

Thereafter, Respondent filed a Motion to Separate the instant Petition into two petitions (*see* ECF No. 42) and a Motion to Amend/Correct the Return (*see* ECF No. 43). In his Motion, filed August 24, 2016, Respondent argues that Petitioner's habeas action should only proceed in relation to Petitioner's Richland County CSC conviction. (ECF No. 42 at 1.) Petitioner opposed Respondent's Motion to Separate in a Response filed October 31, 2016. (ECF No. 44.) Respondent submitted a Status Report and Reply on November 8, 2016. (ECF No. 45.)

## II. ANALYSIS

### A. Respondent's Motion to Separate the Habeas Petition (ECF No. 42)

In his Motion, Respondent argues that Petitioner's habeas action should be separated into two petitions. (ECF No. 42.) Specifically, Respondent asks the court to "treat the single habeas petition filed in this case as two separate petitions: One timely filed in relation to Petitioner's Richland County conviction in which state remedies have been duly exhausted, and one prematurely filed in relation to Petitioner's Lexington County conviction in which state court remedies remain pending." (*See id.* at 7-8.)

Rule 2(e) of the Rules Governing § 2254 Cases provides: "A petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each count." Some district courts have used discretion to separate habeas matters for failure to comply with Rule 2(e). *See, e.g.*, *McKnight v. United States*, 27 F. Supp. 3d 575, 578 (D.N.J. 2014) ("When a litigant raises different habeas challenges in a single action, the court either dismisses his claims for failure to comply with Habeas Rule 2(e) or severs each line of challenges into its own habeas case."); *Edwards v. Hollingsworth*, No. CIV.A. 13-3153 RMB, 2014 WL 806444, at *2 (D.N.J. Feb. 27, 2014) ("[W]here a litigant raises different habeas

3

challenges in a single action, the court either dismisses his claims for failure to comply with Habeas Rule 2(e) or severs each line of challenges into its own, new and separate, habeas matter in order to address its procedural or substantive properties.").

In the interests of judicial economy, Respondent's Motion to Separate (ECF No. 42) will be granted. Petitioner is entitled to pursue relief from each conviction in separate actions. Therefore, Petitioner's habeas claims concerning his Lexington County conviction will be dismissed without prejudice with leave to refile once Petitioner has exhausted his state remedies concerning that conviction.

**B. Petitioner's Motion to Stay (ECF No. 25)**

In his Motion, Petitioner asks that the court allow him to withdraw three of his claims for relief and asks that the court hold them in abeyance to allow him time to exhaust his state remedies. (ECF No. 25.) Respondent opposes Petitioner's Motion and argues that "Petitioner's motion should be denied because his pro se petition is not a mixed petition" pursuant to *Rhines v. Weber*, 544 U.S. 269, 275 (2005). (ECF No. 28 at 2.)

In *Rhines*, the Supreme Court approved a "stay and abeyance" procedure that district courts can use when presented with "mixed" petitions; that is, petitions containing exhausted and unexhausted claims. 544 U.S. at 275. Under this procedure, rather than dismissing a mixed petition, a district court can stay the petition and hold it in abeyance while the petitioner exhausts the unexhausted claims. *Id.* Once all of the claims have been exhausted, the district court can lift the stay and adjudicate the petition. *Id.* To obtain a stay of a mixed petition, the petitioner must show "good cause" for failing to exhaust his state remedies, that his unexhausted claims are

4

potentially meritorious, and that he has not engaged in dilatory tactics. *Id.* at 278. Additionally, the *Rhines* Court held:

> [I]f a petitioner presents a district court with a mixed petition and the court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief.

*Id.* at 278.

The court finds Petitioner has exhausted his state remedies concerning his Richland County conviction. However, Petitioner's state remedies concerning his Lexington County conviction remain outstanding. Recently, on September 14, 2016, the South Carolina Court of Appeals dismissed Petitioner's appellate action concerning his Lexington County conviction, 2013-002816. (ECF No. 45-1 at 2.) On September 30, 2016, the court of appeals remitted the matter to the lower court. (ECF No. 45-2.) However, Petitioner's PCR action concerning his Lexington County conviction remains pending. (ECF Nos. 45-3 to 45-6.)

In his Motion (ECF No. 25), Petitioner is requesting the court stay his Petition and allow him to withdraw unexhausted claims. The court will grant Petitioner's motion in part. Petitioner's request to stay his Petition will be denied; however, Petitioner's request to withdraw his unexhausted claims will be granted because Petitioner has not exhausted his state administrative remedies concerning his Lexington County conviction.

**C. Respondent's Motion to Amend/Correct the Return (ECF No. 43)**

In his Motion to Amend, Respondent seeks to amend his Return and Memorandum of Law in support of summary judgment to assert that "Petitioner's habeas corpus action stemming from his Lexington County conviction should be dismissed without prejudice insofar as the petition

makes ineffective assistance of counsel allegations." (ECF No. 43 at 1.) However, Respondent only "seeks dismissal of certain claims within the Lexington County application without prejudice." (*Id.* at 3.) Respondent proposes that certain "non-cognizable" claims related to the Lexington county action be allowed to proceed. (*Id.* at 4-8.)

Respondent's Motion to Amend (ECF No. 43) will be granted in part. All of Petitioner's habeas claims concerning his Lexington County conviction, not just those related to ineffective assistance of counsel, are dismissed without prejudice with leave to refile once Petitioner has completely exhausted his state remedies concerning that conviction. The court will permit Respondent's Return and Memorandum of Law in Support of Summary Judgment to be amended to omit arguments concerning Petitioner's Lexington County conviction.

### III. CONCLUSION

For the foregoing reasons, Respondent's Motion to Separate (ECF No. 42) is **GRANTED**; Petitioner's Motion to Stay (ECF No. 25) is **GRANTED IN PART** to the extent Petitioner seeks to withdraw his claims related to his Lexington County conviction and **DENIED IN PART** to the extent Petitioner seeks a stay in the proceedings related to his Richland County conviction; Respondent's Motion to Amend/Correct his Return (ECF No. 43) is **GRANTED IN PART** to the extent that the court will dismiss without prejudice all of Petitioner's claims related to his Lexington County conviction and permit Respondent to amend his Return and his Memorandum of Law in Support of Summary Judgment to omit arguments concerning Petitioner's Lexington County conviction and **DENIED IN PART** to the extent Respondent requests the court not dismiss certain claims related to Petitioner's Lexington County conviction and to permit a corresponding amendment to Respondent's Return and Memorandum of Law in Support of Summary Judgment.

The claims in Petitioner's Petition (ECF No. 1) concerning Petitioner's Lexington County conviction are **DISMISSED WITHOUT PREJUDICE**. Petitioner may refile such claims in a separate petition for writ of habeas corpus once Petitioner has completely exhausted his state remedies concerning that conviction.

In the interests of justice and in light of Petitioner's status as a prisoner proceeding pro se, it is further **ORDERED** that Petitioner has until **December 16, 2016, to file a Supplemental Response to Respondent's Return and Motion for Summary Judgment** (ECF Nos. 19-20.) In his Response, Petitioner may more thoroughly address all of Respondent's arguments pertaining to his Richland County conviction. Should Petitioner fail to file a Supplemental Response by December 16, 2016, the Magistrate Judge to whom this matter has been referred shall issue a Report and Recommendation based on Petitioner's existing Responses. **No extensions of filing deadlines will be granted**.

### Certificate of Appealability

The law governing certificates of appealability provides that:

(c)(2) A certificate of appealability may issue… only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability… shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of

appealability has not been met.

**IT IS SO ORDERED**.

*/s/ J. Michelle Childs*

United States District Court Judge

November 17, 2016
Columbia, South Carolina