IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Eric Marsh, 354716, | ) | C/A No. 5:15-04633-JMC-KDW |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Warden Stevenson, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Eric Marsh ("Petitioner") is a state prisoner who filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) DSC, for a Report and Recommendation on Respondent's Amended Return and Amended Motion for Summary Judgment. ECF Nos. 49, 50. On December 2, 2016, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the Summary Judgment Motion, dismissal procedures, and the possible consequences if he failed to respond adequately to Respondent's Motion. ECF No. 51. On December 13, 2016, Petitioner filed a Response in Opposition to Respondent's Motion for Summary Judgment. ECF No. 54. Respondent filed a Reply on December 20, 2016, *see* ECF No. 55, and Petitioner filed a Sur-Reply on January 27, 2017, ECF No. 56. Having carefully considered the parties' submissions and the record in this case, the

undersigned recommends that Respondent's Motion for Summary Judgment, ECF No. 50, be granted, and this Petition be denied.[1]

I.     Background

Petitioner is currently incarcerated in the Broad River Correctional Institution ("BRCI") of the South Carolina Department of Corrections ("SCDC").  ECF No. 1 at 1.  In 2011, Petitioner was indicted at the May Term of the Richland County Grand Jury for Second-Degree Criminal Sexual Conduct ("CSC") with a Minor (2011-GS-40-01996). App. 122-23[2]; ECF No. 19-19 at 2. Petitioner was also charged with second-degree CSC with a minor in Lexington County in April of 2013 (2013-GS-32-00965). ECF No. 19-19 at 1; ECF No. 19-20.[3] On March 20, 2013, Petitioner waived venue and jurisdiction of the Lexington charge in order to plead guilty to both charges in Richland County, South Carolina. ECF No. 19-20 at 3. In the "Waiver of Venue and Jurisdiction," Petitioner attested to the following:

> I have been advised that I have the legal right to have my case heard and tried in Lexington County, South Carolina, and I understand this right. But, I give up and waive this right.
> I want to plead guilty in Richland County, South Carolina. This is my decision, and I know what I am doing. I have been advised, and I know that I cannot be forced or made to plead guilty in Richland County. I am the only person who can make this decision.

---

[1]  Previously, the undersigned granted Respondent's Motion to Separate, ECF No. 42, and granted Petitioner's Motion to Stay, ECF No. 25, in part, ECF No. 46. Specifically, the undersigned denied Petitioner's request to stay his entire habeas action, but instructed the parties that Petitioner's habeas action should proceed only on Petitioner's claims related to his Richland County plea. *See* ECF No. 46. Moreover, Petitioner's claims related to his Lexington County Petition were dismissed without prejudice with leave to refile. *See id.*

[2]  Citations to "App." refer to the Appendix for Petitioner's guilty plea transcript and Post-Conviction Relief ("PCR") Proceedings. That appendix is available at ECF No. 19-1 in this habeas matter.

[3]  Though Petitioner was indicted in Lexington County for second-degree CSC, he waived presentment of the indictment to the Lexington County Grand Jury. *See* ECF No. 19-19 at 1; ECF No. 19-20.

> It is my decision, and I ask the Judge to let me plead guilty in Richland County. I do not want to be tried or plead guilty in Lexington County. This is my decision and my choice and I understand what I am doing.

ECF No. 19-20 at 3. On March 20, 2013, Petitioner pleaded guilty pursuant to *North Carolina v. Alford*, 400 U.S. 25, 37 (1970), to the two counts of second-degree CSC with a minor before the Honorable G. Thomas Cooper. App. 1-39. During his plea, Attorneys Theodore N. Lupton and Bennett E. Casto represented Petitioner, and Assistant Solicitors Margaret Fent Bodman and L. Suzanne Mayes appeared on behalf of the State. *Id.* Specifically, Assistant Solicitor Bodman represented the State on the Richland County charge, and Assistant Solicitor Mayes represented the State on the Lexington County charge. App. 3. Based on the State's recommendation, Judge Cooper sentenced Petitioner to 15-years imprisonment for both convictions to run concurrently. App. 38.

On March 22, 2013, Plea Counsel Lupton filed a Notice of Appeal on Petitioner's behalf. ECF No. 19-2. On April 1, 2013, Petitioner filed a pro se "Statement of Basis for Appeal from Guilty Plea Pursuant to Rule 203(d)(1)(B)." ECF No. 19-3. On June 5, 2013, the South Carolina Court of Appeals dismissed the Notice of Appeal because Petitioner "failed to provide a sufficient explanation as required by Rule 203(d)(1)(B)(iv) of the South Carolina Appellate Court Rules." ECF No. 19-4. On September 17, 2013, the South Carolina Court of Appeals issued a revised Remittitur. ECF No. 19-5.

II.    Procedural History

Petitioner filed an application for Post-Conviction Relief ("PCR") on October 18, 2013 (2013-CP-40-06380). App. 41-46.[4] Petitioner asserted he was being held in custody unlawfully for violations of the 5th, 6th, and 14th Amendments to the U.S. Constitution. App. 42. Additionally, Petitioner alleged, verbatim: "Counsels fail to give effective assistance at critical stage of trial proceeding, including protecting my rights to due processing of law." *Id*. The State filed a Return on February 24, 2014. App. 47-51. On April 24, 2014, Anna Good, Esquire, filed an Amended Application for PCR on Petitioner's behalf. App. 52. There, Petitioner raised the following Ineffective Assistance of Counsel Claims: (a) trial counsel failed to properly investigate the case; and (b) trial counsel misadvised client as to sentencing for the plea. *Id.*

Thereafter a motions hearing convened on September 2, 2014, before the Honorable Robert E. Hood. App. 53-102. Petitioner was present and represented by Attorney Anna Good, and Assistant Attorney General Ashleigh Wilson appeared on behalf of the State. *See id.* Petitioner and Theodore Lupton, Petitioner's plea counsel, appeared and testified at the hearing. *Id.* After the hearing, the PCR court denied and dismissed Petitioner's PCR Application with prejudice in an order filed on October 20, 2014, making the following summaries of evidence and testimony, findings of fact, and conclusions of law:

> This Court has had the opportunity to review the record in its entirety and has he[ard] testimony and arguments presented at the PCR hearing. This Court has further had opportunity to observe each witness who testified at the hearing, and to closely pass upon her credibility. This Court has weighed the testimony accordingly. Set forth below relevant findings of fact and conclusions of law as required by S.C. Code Ann. § [17-27-20] (2003).[5]

---

[4] The undersigned acknowledges that Petitioner indicated he was contesting both the Lexington County and the Richland County second-degree CSC charges in his PCR Application. App. 41.

[5] The Summary of the Testimony portion of the PCR Order of Dismissal is not included herein but is available at App. 112-15.

4

## Ineffective Assistance of Counsel

The Applicant alleges that he received ineffective assistance of counsel. In a post conviction relief action, the applicant has the burden of proving the allegations in the application. Rule 71.1(e), SCRCP; Butler v. State, 286 S.C. 441, 334 S.E.2d 813 (1985). Where ineffective assistance of counsel is alleged as a ground for relief, the applicant must prove that "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." Strickland v. Washington, 466 U.S. 668 (1984); Butler, 286 S.C. 441, 334 S.E.2d 813.

The proper measure of performance is whether the attorney provided representation within the range of competence required in criminal cases. The courts presume that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Strickland, 466 U.S. 668. The applicant must overcome this presumption in order to receive relief. Cherry v. State, 300 S.C. 115, 386 S.E.2d 624 (1989).

Courts use a two-pronged test to evaluate allegations of ineffective assistance of counsel. First, the applicant must prove that counsel's performance was deficient. Under this prong, attorney performance is measured by its "reasonableness under professional norms." Id. at 117, 386 S.E.2d at 625 (citing Strickland, 466 U.S. 668). Second, counsel's deficient performance must have prejudiced the applicant such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. Johnson v. State, 325 S.C. 182, 480 S.E.2d 733 (1997). When there has been a guilty plea, the applicant must prove that counsel's representation was below the standard of reasonableness and that, but for counsel's unprofessional errors, there is a reasonable probability that he would not have pled guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 58 59 (1985); Roscoe v. State, 345 S.C. 16, 20, 546 S.E.2d 417, 419 (2001).

To be knowing and voluntary, a plea must be entered with a full understanding of the charges and the consequences of the plea. Boykin v. Alabama, 395 U.S. 238, 243-44 (1969); Dover v. State, 304 S.C. 433, 434, 405 S.E.2d 391, 392 (1991). When determining issues relating to guilty pleas, the court will consider the entire record, including the transcript of the guilty plea, and the evidence presented at the post-conviction relief hearing. Anderson v. State, 342 S.C. 54, 57, 535 S.E.2d 649, 657 (2000) (citing Harres v. Leeke, 282 S.C. 131, 318 S.E.2d 360 (1984)). When a defendant pleads guilty on the advice of counsel, the plea may only be attacked through a claim of ineffective assistance of counsel. Roscoe v. State, 345 S.C. 16, 20, 546 S.E.2d 417, 419 (2002) (citations omitted).

This Court finds counsel is a criminal practitioner who has extensive experience in the trial of serious offenses. Counsel conferred with the Applicant on numerous occasions. During conferences with the Applicant, counsel discussed the pending charges, the elements of the charges and what the State was required to prove, the Applicant's constitutional rights, the Applicant's version of the facts, and possible defenses or lack thereof.

This Court also finds the Applicant's guilty plea was entered freely and voluntarily. The record reflects the Applicant was advised of the following by the Court during his guilty plea: his right to a jury trial (T. 7:8-15), his right to remain silent (T. 7:4-7), his right to confront his accusers (T, 7:16-8:12), and his right to appeal (T. 8:8-9, 20:20-25). The Applicant told the Court he had not been promised anything or threatened to get him to plead guilty. (T. 8:16-19). The Applicant also told the Court he was not under the influence of drugs or alcohol and he did not suffer from any mental illnesses. (T. 9:13-16, 20:17-20). The Applicant also told the Court he was satisfied with counsel's representation and that counsel had done everything he asked. (T. 8:20-22, 9:1-3, 9:10-12). This Court finds and the record reflects the Applicant pled guilty with a full understanding of the consequences of pleading guilty.

As an initial matter, this Court finds counsel provided credible testimony at the evidentiary hearing. This Court finds the Applicant did not provide credible testimony at the evidentiary hearing. Regarding the Applicant's claims of ineffective assistance of counsel, this Court finds the Applicant has failed to meet his burden of proof. This Court finds the Applicant's attorney demonstrated the normal degree of skill, knowledge, professional judgment, and representation that are expected of an attorney who practices criminal law in South Carolina. State v. Pendergrass, 270 S.C. 1, 239 S.E.2d 750 (1977); Strickland, 466 U.S. at 668; Butler, 286 S.C. 441, 334 S.E.2d 813. This Court further finds counsel adequately conferred with the Applicant, conducted a proper investigation, and provided thorough representation. This Court finds that counsel's representation did not fall below an objective standard of reasonableness.

The Applicant alleges counsel was ineffective for misadvising the Applicant regarding the potential sentence he would receive if he pled guilty. The Applicant claims counsel told him if he pled guilty he would receive a sentence in the range of three to five years. This Court finds this allegation is wholly without merit. This Court finds counsel properly advised the Applicant of the potential sentence he could receive if he pled guilty. This Court finds credible counsel's testimony that he advised the Applicant that if he pled guilty the State would recommend a cap of fifteen years. This Court also finds credible counsel's testimony that he advised the Applicant he could receive the full fifteen year sentence.

This Court finds to be not credible the Applicant's testimony that counsel told him he would receive a sentence in the three to five year range. This Court finds counsel provided credible testimony that the Applicant wanted a sentence in the range of three to five years. Counsel testified he told the Applicant that he would request a sentence in the three to five year range, but that he would likely receive a higher sentence. The record reflects counsel indeed asked the Court for a sentence of time served or a sentence in the range of three to five years at the Applicant's guilty plea. (T. 26:11-18, 27:18-22). This Court finds the Applicant's wishful thinking with regard to the sentence that he would receive after pleading guilty did not equal a misapprehension by the Applicant concerning the possible range of sentence the Applicant could receive. See Wolfe v. State, 326 S.C. 158, 165, 485 S.E.2d 367, 371 (1997).

Considering this Applicant was represented on his two charges by two public defender, this Court finds it is very unlikely that the Applicant was not made aware of the potential sentence he was facing and the substance of the State's plea offer. This Court finds further the change of the Applicant's plea from a negotiated plea to recommendation by the State did not affect the voluntariness of the Applicant's guilty plea. This Court finds this change did not result in any prejudice to the Applicant since he ultimately was sentenced within the range of the original negotiated sentence offered by the State. This Court finds the Applicant has failed to carry his burden of proving counsel misadvised the Applicant regarding the potential sentence he would receive if he pled guilty. This Court finds counsel's performance was not deficient and did not result in any prejudice to the Applicant.

Accordingly, this Court finds the Applicant has failed to prove the first prong of the Strickland test, specifically that counsel failed to render reasonably effective assistance under prevailing professional norms. The Applicant failed to present specific and compelling evidence that counsel committed either errors or omissions while representing the Applicant. The Applicant failed to show that counsel's performance was deficient. Therefore, this Court need not address prejudice. The Applicant's complaints concerning counsel's performance are without merit and are denied and dismissed.

<u>All Other Allegations</u>

As to any and all allegations that were raised in the application or at the hearing in this matter and not specifically addressed in this Order, this Court finds the Applicant failed to present any evidence regarding such allegations. Accordingly, this Court finds the Applicant abandoned such allegations. Therefore, they are hereby denied and dismissed.

**CONCLUSION**

7

Based on all the foregoing, this Court finds and concludes the Applicant has not established any constitutional violations or deprivations before or during his guilty plea and sentencing proceedings. Counsel was not deficient in any manner, nor was the Applicant prejudiced by counsel's representation. Therefore, this application for PCR must be denied and dismissed with prejudice.

This Court advises the Applicant that he must file a notice of intent to appeal within thirty (30) days from the receipt of written notice of entry of this Order to secure appropriate appellate review. His attention is also directed to Rules 203, 206, and 243 of the South Carolina Appellate Court Rules for the appropriate procedures to follow after notice of intent to appeal has been timely served and filed.

**IT IS THEREFORE ORDERED**:

1. That the application for post-conviction relief must be denied and dismissed with prejudice; and
2. That the Applicant must be remanded to the custody of the Respondent.

App. 110-120. Thereafter, PCR counsel filed a Notice of Appeal on May 8, 2013. ECF No. 19-9.

Appellate Defender Laura Caudy represented Petitioner on appeal, filing a *Johnson* Petition[6] for

Writ of Certiorari in the Supreme Court. ECF No. 16-8. The *Johnson* petition presented the

following issue: "Whether Petitioner's Alford plea was knowingly, intelligently, and voluntarily

made where he pled guilty due to plea counsel's promise that he would be sentenced to three to

five years imprisonment if he pled guilty instead of proceeding to trial and where petitioner was

actually sentenced to fifteen years imprisonment?" ECF No. 19-10. Petitioner filed a *pro se*

petition for certiorari and raised the following issues, verbatim:

I        In Petitioner's original application, the petitioner alleges he is being held
         in custody unlawfully for the following reasons:
                 1. Ineffective assistance of counsel's.
                 a. Counsel's fail to give effective assistance of critical stage of the trial
                 proceeding including protection of right to due process of law.

---

[6] *Johnson v. State*, 364 S.E.2d 201 (S.C. 1988).

II.    In petitioners amended application, the petitioner alleges he is being held
in custody unlawfully for the following reason:
1. Ineffective assistance of counsel's.
a. Trial counsel's failed to properly investigate the case.
b. Trail counsel's misadvised client as to sentencing for the plea.

III.    The petitioner states that the improper measures of performance of the
Attorney's was in the range of incompetence and not the standards
required in criminal cases. This will show that there professional
judgement was inadequate and deficient under the prone the court
measure's an attorney's performance by its reasonableness under
professional norms.

IV.    1. Petitioner's counsel's deficient performance was prejudiced to
petitioner in such a way that there is a reasonable probability that, but for
counsel's unprofessional errors, the result of the proceeding would have
been different. With respect to guilty plea counsel's, there is a reasonable
probability that but for counsel's error's petitioner would not have plead
guilty and would have insist on going to trail.

V.    1. Whether Petitioner's plea's was knowingly intelligently and voluntarily
made where he plead guilty due to counsel's promise and advice and
failure to inform petitioner of the changes made as well as enhancement if
petitioner would not have plead. The show of fear is what made the
petitioner plead guilty instead of proceeding to trail.

ECF No. 19-11 at 3. On October 21, 2015, the South Carolina Supreme Court denied the Petition

for Writ of Certiorari and granted appellate counsel's petition to be relieved as counsel, ECF No.

19-12, and issued the remittitur on November 6, 2015, ECF No. 19-13. This Petition followed on

November 16, 2015. ECF No. 1.

III.    Discussion

A.  Federal Habeas Issues

Petitioner raises the following issues in his Federal Petition for a Writ of Habeas Corpus,

quoted verbatim:

GROUND ONE: Counsel's fail to give effective assistance at stage of the trial
proceeding including protection of right to due process of law.
Supporting Facts: Counsel's admitted that they would say that some of the
allegations he did not find in the discovery's (App 18, 4-5) He also stated the

biggest problem Counsel's had was not Richland but Lexington county charge. (App 82, 9-10) Counsel's admitted that there was no physical evidence, no forensic evidence to substantiate the Richland County charge. (App 82, 2-4) There was also conduct on allege Victims part that could arguably be inconsistent with the allegations. Counsel's fail to talk to witnesses that both partys admitted to be at the allege crime. Counsel's admitted that DNA evidence did not come in until after the guilty plea (App 97, 8-11) And he could not find a crime scene to back up the Lexington charge. (App. 84, 3-6).  ECF No. 1 at 5.

GROUND TWO: Trial counsel's failed to properly investigate the case.
Supporting Facts: (App 83, 21-25) Counsel's admitted he did extensive work with getting the information out of the solicitor's office, reviewing that information, coordinating with Lexington County Solicitor's office trying to get information concerning the Lexington case. He state's that he couldn't do the Richland with the Lexington case because the two case's inextricably linked to go forward on the Richland case until the evidence in Lexington was fully developed. The solicitor office in Richland Cty investigated both Richland and Lexington cases And determine that the crime took place a an abandone home based on there investigation and Richland county determine it was in Lexington cty. (App 13, 18-21) This some place that counsel's admitted that no one could find. *Id.* at 6-7.

GROUND THREE: Trail counsel's misadvised client as to sentencing for the plea.
Supporting Facts: Counsel's stated that I clearly understood that the solicitor wanted me to get as much time as possible. (App. 87, 17, 18) During mitigation, plea counsel asked the Court to consider, if not a time served sentence then something in the three to five range. (App 27, 18-22). During PCR, it was admitted that I would be sentence to somewhere between three to five years (App. 63, 2-16) (App 75, 19-25) counsel advised that no one ever get's the maximum sentence. Counsel's could not recall specifically when charges was change from negotiated to recommended. If you new that the courts wanted the max why would you request time for any less. (App. 88). *Id.* at 8.

GROUND FOUR:  Right were violated by being charge with a crime client did not commit base of false evidence.
Supporting Facts: There was a schmerber hearing where the CODIS match did not match defendant. The DNA first test came back no match. The courts retook the DNA test, and fail to handle evidence properly and came back with a match to a CODIS out of state from the DNA taken of the second DNA testing within 9 days of testing that was not done by SLED and have no chain of custody. (This did not come until after my conviction) (App 84, 3-6) is when a chain came in. Counsel's admitted that at this schmerber hear the first test that was ran into CODIS was a match but I have record of this hear that states a no match. (see exhibit) There couldn't even find a crime scene. *Id.* at 9-10.

GROUND FIVE: Whether Petitioner's Alford plea was knowingly, intelligently and voluntarily made where I pled guilty due to plea counsel's promise that I would be sentenced to 3 to 5 instead of going to trial.

Supporting Facts: The court never advised me of the sentencing range for pleas, or inform me that the court was not required to accept the recommendation from the state. Counsel's promise to me was that the judge was going to sentence me to three to five years if I pled guilty. I asked to courts to have leniency with me, because there is a lot of things I still don't understand (App. 35, 4-7) It was also that my negotiation was change with my knowledge and I did not know that Judge Cooper do not do negotiation. Counsel's also admitted to being caught by surprise by DNA evidence. (App 98, 18-25) (99, 1-13). *Id.* at 16.

GROUND SIX: Lack of Jurisdiction to convict

Supporting Facts:  Richland used Lexington to gain conviction when Lexington discovery is not a part of my conviction. There was no crime scene in Lexington and Richland County did all the paper work for Lexington's case. The allege crime was said to happen 2106 Bently Court in Richland County not Lexington. Lexington sign of on a case that Richland put together on As Mr. Casto said "it was lump together. *Id.* at 17.

B.  Standard for Summary Judgment

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).  If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319, 323 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

C.     Habeas Corpus Standard of Review

1.     Generally

Because Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997); *Breard v. Pruett*, 134 F.3d 615, 618 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)(2); *see Williams v. Taylor*, 529 U.S. 362, (2000). "[A]

12

federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 411.

### a.   Deference to State Court Decisions

Courts afford deference to state courts' resolutions of the habeas claims of state prisoners. *See Bell v. Cone*, 543 U.S. 447, 455 (2005). The Supreme Court has provided further guidance regarding the deference due to state-court decisions. *Harrington v. Richter*, 562 U.S. 86 (2011); *Cullen v. Pinholster*, 131 S. Ct. 1388 (2011). To obtain habeas relief from a federal court, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington*, 562 U.S. at 103. "[E]ven a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* at 102. The Court further stated: "If this standard is difficult to meet, that is because it was meant to be." *Id.*; *see Richardson v. Branker*, 668 F.3d 128, 137-44 (4th Cir. 2012) (quoting *Harrington* extensively and reversing district court's grant of writ based on his ineffective assistance of counsel claims).

In interpreting § 2254(d)(1) and discussing the federal courts' role in reviewing legal determinations made by state courts, the United States Supreme Court held as follows:

> [A] federal court may grant a writ of habeas corpus if the relevant state-court decision was either (1) "contrary to . . . [clearly] established Federal law as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States.

*Williams v. Taylor*, 529 U.S. 362, 404-05 (2000) (quoting from § 2254(d)(1)). "Clearly established Federal law in § 2254(d)(1) refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Carey v. Musladin*, 549 U.S. 70, 74 (2006) (quoting *Williams*, 529 U.S. at 412). In considering whether a state-court decision is "contrary to" clearly established federal law, the federal court may not grant relief unless the state court arrived at a conclusion opposite to that reached by the Supreme Court on a legal question, the state court decided the case differently than the Court has on facts that are materially indistinguishable, or if the state court "identifie[d] the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applie[d] that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 405-13. The "unreasonable application" portion of § 2254(d)(1) "requires the state court decision to be more than incorrect or erroneous[,]" it "must be objectively unreasonable," which is a higher threshold. *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003) (internal citation omitted).

Section 2254(e)(1) requires the federal court give a presumption of correctness to state-court factual determinations and provides that a petitioner can only rebut such a presumption by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1). Accordingly, a habeas petitioner is entitled to relief under § 2254(d)(2), only if he can prove, by clear and convincing evidence, that the state court unreasonably determined the facts in light of the evidence presented in state court.

b.  Ineffective Assistance of Counsel

The Sixth Amendment provides a criminal defendant the right to effective assistance of counsel in a criminal trial and first appeal of right. In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court announced a two-part test for adjudicating ineffective assistance of

counsel claims. First, a petitioner must show that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms. *Id.* at 687. Second, the petitioner must show that this deficiency prejudiced the defense. *Id.* at 694. The United States Supreme Court's 2011 decisions cited previously elaborate on the interplay between *Strickland* and § 2254, noting the standards are "both highly deferential," and "when the two apply in tandem, review is doubly so." *Harrington*, 562 U.S. at 105 (internal quotation marks omitted); *Pinholster*, 131 S. Ct. at 1403.

Further, in *Pinholster*, the Court held for the first time that the federal court's habeas review under § 2254(d)(1) is limited to the record before the state court that adjudicated the claim on the merits. 131 S. Ct. at 1398. The Court explained that "review under § 2254(d)(1) focuses on what a state court knew and did." *Id.* at 1399. In the *Pinholster* case, the district court had conducted an evidentiary hearing and considered new evidence in connection with its review and granting of the petitioner's writ based on a finding of ineffective assistance of counsel. *Id.* at 1397. In an en banc decision, the Ninth Circuit Court of Appeals affirmed the district court's grant of the writ. *Id.* The United States Supreme Court granted certiorari and reversed the Ninth Circuit, finding that the district court should not have considered additional evidence that had not been available to the state courts. 131 S. Ct. at 1398. Because the federal habeas scheme "leaves primary responsibility with the state courts," and "requires that prisoners ordinarily must exhaust state remedies," the Court held that to permit new evidence to be presented in a federal habeas court "would be contrary to that purpose." 131 S. Ct. at 1399 (internal citation and quotation marks omitted).

15

When a petitioner raises in a § 2254 habeas petition an ineffective-assistance-of-counsel claim that was denied on the merits by a state court, "[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable[,]" not "whether defense counsel's performance fell below *Strickland's* standard." *Harrington*, 562 U.S. at 101. "For purposes of § 2254(d)(1), 'an *unreasonable* application of federal law is different from an *incorrect* application of federal law.'" *Id.* (citing *Williams*, 529 U.S. at 410) (emphasis in original). "A state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself." *Id.*

### 2. Procedural Bar

Federal law establishes this court's jurisdiction over habeas corpus petitions. 28 U.S.C. § 2254. This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States[,]" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim. 28 U.S.C. § 2254(a)-(b). The separate but related theories of exhaustion and procedural bypass operate in a similar manner to require that a habeas petitioner first submit his claims for relief to the state courts. A habeas corpus petition filed in this court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

### a. Exhaustion

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

(b)    (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that—

    (A)    the applicant has exhausted the remedies available in the courts of the State; or

    (B)    (i) there is an absence of available State corrective process; or

       (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

(3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(c)    An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997). Thus, a federal court may consider only those issues that have been properly presented to the highest state courts with jurisdiction to decide them.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal; or (2) by filing an application for PCR. State law requires that all grounds be stated in the direct appeal or PCR application. Rule 203 SCACR; S.C. Code Ann. § 17-27-10, *et seq.*; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767 (S.C. 1976). If the PCR court fails to address a claim as is required by section 17-27-80 of the South Carolina Code, counsel for the applicant must make a motion to alter or amend the

17

judgment pursuant to Rule 59(e), SCRCP. Failure to do so will result in the application of a procedural bar by the South Carolina Supreme Court. *Marlar v. State*, 653 S.E.2d 266, 267 (S.C. 2007). Strict time deadlines govern direct appeals and the filing of a PCR in the South Carolina courts. A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

Furthermore, in filing a petition for habeas relief in the federal court, a petitioner may present only those issues that were presented to the South Carolina Supreme Court or the South Carolina Court of Appeals. *See State v. McKennedy*, 559 S.E.2d 850, 853 (S.C. 2002) (holding "that in all appeals from criminal convictions or post-conviction relief matters, a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error.") (quoting *In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief*, 471 S.E.2d 454, 454 (S.C. 1990)).

b.     Procedural Bypass

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner who seeks habeas corpus relief as to an issue failed to raise that issue at the appropriate time in state court and has no further means of bringing that issue before the state courts. In such a situation, the person has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. Procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). Bypass can occur at any level of

the state proceedings if the state has procedural rules that bar its courts from considering claims not raised in a timely fashion.

The South Carolina Supreme Court will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court. If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar.  As the United States Supreme Court explains:  [state procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case. *Reed v. Ross*, 468 U.S. 1, 10-11 (1984).

However, if a federal habeas petitioner can show both (1) "'cause' for noncompliance with the state rule[,]" and (2) "'actual prejudice resulting from the alleged constitutional violation[,]'" the federal court may consider the claim. *Murray*, 477 U.S. at 533 (quoting *Wainwright v. Sykes*, 433 U.S. 23, 84 (1977)). When a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim.  *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

If a federal habeas petitioner has failed to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. A federal court is barred from considering the filed claim (absent a showing of cause and actual prejudice). In such an instance, the exhaustion requirement is technically met and the rules of procedural bar apply.  *See Teague*

*v. Lane*, 489 U.S. 288, 297-98 (1989); *Matthews*, 105 F.3d at 915 (citing *Coleman v. Thompson*,

501 U.S. 722, 735 n.1 (1991); *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996).

### 3.    Cause and Actual Prejudice

Because the requirement of exhaustion is not jurisdictional, this court may consider

claims that have not been presented to the South Carolina Supreme Court in limited

circumstances in which a petitioner shows sufficient cause for failure to raise the claim and

actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or that a "fundamental

miscarriage of justice" has occurred. *Murray*, 477 U.S. at 495–96. A petitioner may prove cause

if he can demonstrate ineffective assistance of counsel relating to the default, show an external

factor that hindered compliance with the state procedural rule, or demonstrate the novelty of a

particular claim. *Id*. Absent a showing of cause, the court is not required to consider actual

prejudice. *Turner v. Jabe*, 58 F.3d 924, 931 (4th Cir. 1995). However, if a petitioner

demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default.

*Murray*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than

plain error.

### D.  Analysis

#### 1.   Procedurally-Barred Grounds

Respondent argues that Petitioner's Ineffective-Assistance-of-Counsel claims in Grounds

One and Two are not preserved. ECF No. 49 at 14. Specifically, Respondent maintains that

Petitioner's claim that plea counsel failed to investigate the evidence in his case was abandoned

during PCR. *Id*. Additionally, Respondent argues: "Petitioner abandoned his failure to

investigate allegation during his Richland County PCR hearing, (ECF #19-1, pp. 57, 112), and

thus fails to make any showing that the factual or legal basis for his claims were not reasonably available for timely pursuit in state court." *Id.* at 15 (citing *Murray v. Carrier*, 477 U.S. 478, 485 (1986)). In his Response, Petitioner argues the merits of his Grounds rather than arguing against Respondent's argument that these issues are not preserved for habeas review. ECF No. 54 at 1-4. Specifically, Petitioner recounted plea counsel's testimony from his PCR hearing concerning evidence or lack of evidence. *Id.* at 1-2.

The undersigned finds Petitioner's allegation concerning plea counsel's failure to investigate is procedurally barred from review. Though Petitioner raised this ground in his PCR application, he abandoned it during his PCR hearing. Specifically, PCR counsel represented to the PCR court that "[w]e are not going forward on the failure to properly investigate the case." App. 57. Based on the representations made during the PCR hearing, the PCR court found Petitioner "proceeded solely on the claim of ineffective assistance of counsel for misadvising [Petitioner] regarding the sentence he could receive after pleading guilty." App. 112. Further, the PCR court "deem[ed] abandoned any other claims raised by [Petitioner] . . ." *Id.*

The Supreme Court has long held that "a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims." *See e.g., Coleman*, 501 U.S. at 731. A federal court may not grant a writ of habeas corpus to a state prisoner unless the petitioner has exhausted his state remedies. *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996) (citing 28 U.S.C.A. § 2254(b)); *Green v. Bush*, No. CIV.A. 2:14-2405-MGL, 2014 WL 6983352, at *10 (D.S.C. Dec. 10, 2014) ("[A] federal court may consider only those issues which have been properly presented to the state appellate courts with jurisdiction to decide them."). Based on this review, the undersigned finds that allegations

21

of ineffective assistance of counsel in Grounds One and Two were not raised to and ruled upon by the PCR court, and were not properly presented to the South Carolina Supreme Court on appeal. *Williams v. Warden*, No. 4:08-2312-SB, 2009 WL 3052487, at *13 (D.S.C. Sept. 23, 2009) (finding that because petitioner "did not properly present this claim to the state's highest court in a procedurally viable manner when he had the opportunity, and the state courts would find any attempt to raise the claim now to be procedurally improper, then the claim is procedurally barred from review in federal habeas corpus"). Therefore, these Grounds are procedurally barred from habeas review.

Nevertheless, the undersigned finds this issue would fail on the merits because the evidence does not indicate that plea counsel failed to properly investigate Petitioner's case. The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. *McMann v. Richardson*, 397 U.S. 759, 771 (1970). In *Strickland v. Washington*, 466 U.S. 668, 687 (1984), the Supreme Court held that to establish ineffective assistance of counsel, a petitioner must show deficient performance and resulting prejudice. Counsel renders ineffective assistance when his performance "[falls] below an objective standard of reasonableness," but there is a "strong presumption" that counsel's performance was professionally reasonable. *Id.* at 688-89. Prejudice requires a showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. In the context of a guilty plea, ineffective assistance of counsel claims may be asserted in limited circumstances. In order to prevail on a claim of ineffective assistance of counsel pertaining to a guilty plea, a petitioner must show that

his lawyer's performance was incompetent and "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

First, Petitioner has failed to demonstrate that his plea counsel was deficient pursuant to *Strickland*. At the PCR hearing, plea counsel testified that he met with Petitioner at least 15 times prior to Petitioner's plea and discussed discovery materials with him. App. 78. Specifically, plea counsel testified he reviewed and discussed the following discovery items with Petitioner: police reports, victim statements, Assessment Resource Center ("ARC") reports, medical records, DNA evidence, and an audio recorded statement from Petitioner's interview. App. 78-79. The PCR court found that plea "counsel adequately conferred with [Petitioner], conducted a proper investigation, and provided thorough representation." App. 118. Based on this finding, the PCR court found Petitioner failed to prove the first prong of the *Strickland* test and did not address the prejudice prong of *Strickland*. *See* App. 119-20. Second, the undersigned finds that Petitioner failed to demonstrate that he was prejudiced by plea counsel's alleged failure to investigate and did not present beneficial evidence in his PCR hearing. Therefore, Petitioner did not prove the second prong of the *Strickland* test either.

The PCR court's rejection of the ineffective-assistance-of-counsel claim for failing to conduct a thorough investigation did not result in an unreasonable application of *Strickland* and was not based upon an unreasonable determination of facts in light of the state court record. Accordingly, the undersigned recommends Respondent's Motion for Summary Judgment be granted as to Grounds One and Two.

B. Merits

1.    Ineffective Assistance of Counsel-Misadvice Concerning Sentencing (Ground Three)

In Ground Three, Petitioner maintains he received ineffective assistance of counsel because his plea counsel told Petitioner that "no one ever gets the maximum sentence." ECF No. 1 at 8. However, Petitioner argues that plea counsel knew all along the State wanted the maximum sentence. *Id.* Concerning Ground Three, Respondent maintains that the state court decision on the issue was a "fair and reasonable determination of the relevant facts and a fair and reasonable application of the relevant federal law. . . ." ECF No. 49 at 16.  Respondent argues that once a petitioner pleads guilty, he may only attack the plea by showing that the advice he received from counsel was incompetent. *Id.* at 29. Here, Respondent maintains that the "record clearly states that Petitioner was never promised a three-to-five year sentence but instead received advice of counsel regarding a range of possible penalties." *Id.* at 31. Moreover, Respondent argues that plea counsel advocated for a lower sentence on Petitioner's behalf during the plea colloquy. *See id.*

In rejecting Petitioner's application for post-conviction relief on this ground, the PCR court specifically found plea counsel properly advised Petitioner concerning the potential sentence he would receive by pleading guilty. App. 118. Additionally, the PCR court found plea counsel advised Petitioner that the State would recommend a cap of 15 years if Petitioner pleaded guilty. *See id.* The PCR court acknowledged that Petitioner wanted a sentence in the range of three-to-five years and found that plea counsel told Petitioner he would request a three-to-five sentence. App. 119. However, the PCR court expressly found that plea counsel advised Petitioner that he would likely receive a greater sentence. *Id.*

PCR hearing testimony confirms the PCR court's findings. There, plea counsel testified it took "quite a bit of negotiations" to get the State to agree to a sentence cap of 15 years. App. 84. Further, plea counsel testified he and Petitioner "talked about pleas frequently during the time that we were -- that [plea counsel] was representing him." App. 85. Plea counsel testified he "made it clear to [Petitioner] that he was the only one who has to accept or reject any plea." *Id.* Plea counsel testified he "[a]bsolutely" spoke with Petitioner about life without parole being a possible sentence. *Id.* Moreover, plea counsel testified that he "made it clear that the[re] [was a] cap of 15 [but] that it would be anywhere from zero to 15." App. 86. Plea counsel testified that Petitioner wanted to receive a sentence in the range of three-to-five years, and he told Petitioner he would ask for that sentence range, but "we would be asking for that expecting something more." *Id.* Additionally, during the plea colloquy plea counsel "ask[ed] the court to consider something less than 15 years." App. 26

The undersigned finds that Petitioner cannot demonstrate that the PCR court or South Carolina Supreme Court unreasonably misapplied clearly established federal law in rejecting this claim, or that the PCR court made objectively unreasonable factual findings. A review of the guilty-plea transcript and the testimony at the PCR hearing reveals that the PCR court's denial was fully supported by the record and was reasonable and therefore, it is entitled to deference here. Additionally, the PCR court found plea counsel's testimony to be credible and found Petitioner's testimony not to be credible. App. 118-19. This credibility determination is also entitled to deference, *see Wilson v. Ozmint,* 352 F.3d 847, 858-859 (4th Cir. 2003), and Petitioner has not clearly shown that the PCR court's credibility determinations were without support, *see Elmore v. Ozmint*, 661 F.3d 783, 850 (4th Cir. 2011) ("We must be 'especially' deferential to the

state PCR court's findings on witness credibility, and we will not overturn the court's credibility judgments unless its error is 'stark and clear.'") (quoting *Sharpe v. Bell*, 593 F.3d 372, 378 (4th Cir. 2010) and *Cagle v. Branker*, 520 F.3d 320, 324 (4th Cir. 2008)). Accordingly, the undersigned recommends that Respondent's Motion for Summary Judgment be granted as to Ground Three.

      2.      Actual Innocence/ False Evidence (Ground Four)

In Ground Four, Petitioner maintains he was charged with a crime that he did not commit based on false evidence. ECF No. 1 at 9. Further, Petitioner argues that the first DNA test was not a match, and with the second test SLED failed to handle evidence properly. *Id.* at 10. Respondent maintains that a free-standing claim of actual innocence is not a cognizable habeas claim. ECF No. 49 at 16. Rather, Respondent argues that a compelling showing of actual innocence enables a court to consider the merits of a petitioner's defaulted claim. *Id.* Respondent argues that "Petitioner cannot establish that the errors he complains of probably resulted in the conviction of an innocent person. In fact, the record fails to support this allegation in all respects and Petitioner fails to put forward any new exculpatory evidence for this Court's consideration." *Id.* at 17. Furthermore, Respondent represents that the DNA evidence was a match, contrary to Petitioner's allegation. *See id.*

On the outset, the undersigned finds Petitioner's freestanding actual innocence claim is not a cognizable habeas claim. In the case of *Herrera v. Collins*, 506 U.S. 390, 404 (1993), a habeas petitioner argued that based on newly discovered evidence, he was entitled to habeas relief. Specifically, the Supreme Court found: "[petitioner] does not seek excusal of a procedural error so that he may bring an independent constitutional claim challenging his conviction or

sentence, but rather argues that he is entitled to habeas relief because newly discovered evidence shows that his conviction is factually incorrect." *See id.* The *Herrera* Court clarified that a claim of actual innocence "is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Id.*

Here, Petitioner takes issue with CODIS[7] results which he claims to be "fake." *See* ECF No. 1 at 9-10. However, he does not include an alleged constitutional violation that occurred based on the purported false evidence. *See id.* Moreover, the undersigned has already determined that Petitioner's Sixth Amendment rights were not violated. *See supra* (III.)(d.)(1.). Specifically, the undersigned found that plea counsel did not fail to properly investigate Petitioner's case, including plea counsel's role in reviewing and discussing DNA evidence with Petitioner. *See id.* Furthermore, in the PCR transcript, plea counsel testified that "the DNA evidence did come back as a SLED confirmed result. It matched [Petitioner] to the order of one in 30 quadrillion." App. 80. More specifically, plea counsel testified that he and Petitioner discussed that the "swab being placed in a box that wasn't sealed [would be brought] up at trial if it came to trial trying to attack the DNA, but [plea counsel] had no reason to believe that the officer tampered with the DNA in any way." App. 79-80.

The undersigned finds that Petitioner has failed to allege a cognizable habeas claim in Ground Four. Moreover, to the extent the district court finds this issue is related to a Sixth

---

[7] The Combined DNA Index System, or CODIS, blends forensic science and computer technology into a tool for linking violent crimes. It enables federal, state, and local forensic laboratories to exchange and compare DNA profiles electronically, thereby linking serial violent crimes to each other and to known offenders.
*See* https://www.fbi.gov/services/laboratory/biometric-analysis/codis (last visited Feb. 14, 2017).

Amendment constitutional violation, the undersigned recommends Ground Four be denied based on the earlier reasoning in section III.(d.)(1) as well as the testimony from Petitioner's PCR hearing specifically concerning the DNA evidence. The undersigned therefore recommends that the Respondent's Motion for Summary Judgment be granted as to Ground Four.

3.     Ineffective Assistance of Counsel-Voluntariness of Guilty Plea (Ground Five)

In Ground Five Petitioner maintains his *Alford* plea was not knowingly, intelligently, and voluntarily made because of plea counsel's promises. ECF No. 1 at 16. Further, he alleges the plea court never advised him of the sentencing range from his pleas or informed him that he was not required to accept the recommendation from the state. *Id.* Respondent argues that the record indicates that Petitioner's plea was entered freely and voluntarily. ECF No. 49 at 29.

A guilty plea must represent "a voluntary and intelligent choice among the alternative courses of action open to the defendant," *North Carolina v. Alford*, 400 U.S. 25, 31 (1970), and may be invalid if it was induced by threats or misrepresentations. *See Brady v. United States*, 397 U.S. 742, 755 (1970). However, a defendant's statements at the guilty plea hearing are presumed to be true. *Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977). Unsupported allegations on appeal or in a collateral proceeding are insufficient to overcome representations made during the guilty plea hearing. *See Via v. Superintendent, Powhatan Corr. Ctr.*, 643 F.2d 167, 171 (4th Cir. 1981) (holding that statements at plea hearing that facially demonstrate plea's validity are conclusive absent compelling reason why they should not be, such as ineffective assistance of counsel).

Here, the plea colloquy reveals that Petitioner admitted that he understood the charges against him and his constitutional rights—specifically, his constitutional right to a jury trial and the State's burden of proof. App. 4-8. During the colloquy, Petitioner indicated that he was

satisfied with his lawyers and agreed that they had done everything Petitioner asked of them in preparation for his plea. App. 8-9. Additionally, the plea court specifically inquired whether Petitioner was pleading freely and voluntarily and of his own accord, to which Petitioner answered affirmatively. *Id.* at 9.

Unlike this case, in *Boykin*, "the judge asked no questions of petitioner concerning his plea, and petitioner did not address the court." *Boykin v. Alabama*, 395 U.S. 238, 239 (1969). Here, based on the testimony in the transcripts, the undersigned finds that the record demonstrates that Petitioner's guilty plea was knowing and voluntary, and he is not entitled to habeas relief on this ground. *See id.* at 238, 243-44 (1969) (finding that courts may not presume from a silent record a waiver of constitutional rights associated with a guilty plea, but must engage in a thorough, on-the-record inquiry to establish that the defendant voluntarily and understandingly entered his guilty plea); *see also Wade v. Coiner*, 468 F.2d 1059, 1060 (4th Cir. 1972) (holding that "state judges may choose to engage in the colloquy mandated for their federal colleagues by Rule 11, but there is nothing in *Boykin* that requires them to do so" and denying habeas relief where the state judge ensured the defendant's attorney advised him of the nature of the charge and the consequences of his plea). Additionally, the PCR court found plea counsel's testimony to be credible and found Petitioner's testimony not to be credible. App. at 118. This credibility determination is also entitled to deference. *Wilson v. Ozmint,* 352 F.3d at 858-859. Accordingly, the undersigned recommends that Respondent's Motion for Summary Judgment be granted as to Ground Five.

    4.       Lack of Jurisdiction (Ground Six)

Petitioner argues that Richland County did not have jurisdiction to convict him. ECF No. 1 at 17. Specifically, Petitioner alleges that "Richland used Lexington to gain conviction when Lexington discovery is not a part of [his] conviction." *Id.* Petitioner takes issue with not proceeding to court in Lexington. *See id.* Respondent argues that because Petitioner did not raise the jurisdiction argument at any time during his state court proceedings, the claim is procedurally barred from merits review. ECF No. 49 at 18. However, Respondent argues the claim is not cognizable because it relies on a state law interpretation of jurisdiction, and "should be dismissed as such." In any event, Respondent argues that Petitioner's jurisdictional argument fails on the merits. *Id.* at 36.

The Fourth Circuit Court of Appeals has held that an alleged jurisdictional defect is not a cognizable habeas claim. *Wright v. Angelone*, 151 F.3d 151, 157 (4th Cir. 1998) (holding Wright's allegation that Virginia state court lacked jurisdiction over his charges "rest[ed] solely upon an interpretation of Virginia's case law and statutes, it is simply not cognizable on federal habeas review"). Even if this issue was properly before the court, the undersigned finds Richland County had subject matter jurisdiction to accept Petitioner's guilty plea. A circuit court has subject matter jurisdiction to convict a criminal defendant if the indictment contains: "(1) the offense is stated with sufficient certainty and particularity to enable the court to know what judgment to pronounce, and the defendant to know what he is called upon to answer and whether he may plead an acquittal or conviction thereon; and (2) whether it apprises the defendant of the elements of the offense that is intended to be charged." *State v. Gentry*, 610 S.E.2d 494, 500 (S.C. 2005). "An indictment sufficiently charges a particular offense when it apprises the defendant of the elements of the offense intended to be charged and informs the defendant of the

circumstances he must be prepared to defend." *State v. Parker*, 344 S.C. 250, 255, 543 S.E.2d 255, 257–58 (Ct. App. 2001), *aff'd on other grounds*, 351 S.C. 567, 571 S.E.2d 288 (2002) (internal citation omitted). "An indictment passes legal muster if it charges the crime substantially in the language of the statute prohibiting the crime or so plainly that the nature of the offense charged may be easily understood." *Reddick v. State,* 560 S.E.2d 441 (S.C. Ct. App. 2002) (internal citations omitted).

In the present case, Petitioner's Richland County indictment was true-billed by the Richland County Grand Jury, and it gave the time, place, and manner of the events in which Applicant was accused of having participated. App. 122-23. All of the necessary elements of the crimes were included in the indictments. *See id.* Further, Petitioner waived presentment of his Lexington County CSC charge to the grand jury during his guilty plea colloquy so that he could enter his plea on both charges in Richland County. *See* App 4-5. Further, the undersigned notes that Petitioner waived his right to a grand jury presentment of his Lexington County CSC charge on March 20, 2013, in writing. ECF No. 19-20.

Accordingly, the undersigned finds Petitioner failed to carry his burden of proof to show that the Richland Court plea court lacked subject matter jurisdiction. Therefore, this habeas allegation is denied, and the undersigned recommends Respondent's Motion for Summary Judgment be granted as to Ground Six.

IV.    Conclusion and Recommendation

Wherefore, based upon the foregoing, the undersigned recommends that Respondent's Amended Motion for Summary Judgment, ECF No. 50, be GRANTED and the Petition be DENIED.

IT IS SO RECOMMENDED.

February 22, 2017                                      Kaymani D. West
Florence, South Carolina                              United States Magistrate Judge


**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**