# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | | |
|---|---|---|
| Eric D. March, #354716, | ) | |
| | ) | Civil Action No. 5:15-cv-04633-JMC |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Warden Stevenson, | ) | **ORDER** |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

    Eric D. March ("Petitioner"), proceeding pro se and in forma pauperis, brings this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.)

    This matter is before the court upon review of United States Magistrate Judge Kaymani D. West's Report and Recommendation ("Report"), filed on February 22, 2017, recommending that this court grant Respondent's Amended Motion for Summary Judgment (ECF No. 50) and deny the Petition (ECF No. 1) on all grounds asserted by Petitioner. (*See* ECF No. 57.) The Report details the relevant facts and legal standards on this matter, and this court incorporates the Magistrate Judge's recommendation herein without a recitation.

    The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court that has no presumptive weight—the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).

    The court reviews de novo only those portions of a Magistrate Judge's Report to which specific objections are filed, and it reviews those portions not objected to—including those portions to which only "general and conclusory" objections have been made—for clear error. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*,

718 F.2d 198, 200 (4th Cir. 1983); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The court may accept, reject, or modify—in whole or in part—the recommendation of the Magistrate Judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

Petitioner was advised of his right to file objections to the Report "within fourteen (14) days of the date of service" of the Report. (ECF No. 57-1.) However, Petitioner did not file objections until March 15, 2017. Therefore, the court does not find Petitioner's objections to be timely. Failure to timely file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Even in considering Petitioner's late-filed objections, the court finds that they are non-specific. Instead of objecting to any specific issues within the Magistrate Judge's Report, Petitioner makes a general objection to the Report, *i.e.*, "[t]his is a written objections [sic] for all decision[s] made on all ground[s]," and asserts his belief that this matter should not be resolved until both his Richland and Lexington County cases are resolved. (ECF No. 59.) Thus, Petitioner has not objected to any particular findings or conclusions by the Magistrate Judge that can be addressed appropriately by this court.

After a thorough and careful review of the Report and the record in this case, this court finds the Report provides an accurate summary of the facts and law in this case and contains no clear error. Therefore, the court **ACCEPTS** the Report and Recommendation (ECF No. 57). Accordingly, for the reasons articulated by the Magistrate Judge, this court **GRANTS** Respondent's Amended Motion for Summary Judgment (ECF No. 50) and **DENIES** the Petition (ECF No. 1).

## Certificate of Appealability

The law governing certificates of appealability provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

March 17, 2017
Columbia, South Carolina